**TIGI TIGI of Pago Pago, American Samoa, Appellant**

v.

**GOVERNMENT OF AMERICAN SAMOA, Appellee**

No. 59-1964

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

August 3, 1964

ARTHUR A. MORROW, *Chief Justice;* TAUALA, *Associate Judge;* and MALAUULU, *Temporary Associate Judge.*

Heard before MORROW, *Chief Justice,* TAUALA, *Associate Judge,* and MALAUULU, *Temporary Associate Judge* at Fagatogo on August 3, 1964.

Ma'o, counsel for the Appellant.

Usu, counsel for the Appellee.

MORROW, *Chief Justice.*

■ The appellant Tigi Tigi was convicted in the District Court for the First District of speeding, a violation of Section 25.0503 of the Code and also of careless driving, a violation of Section 25.1502 of the Code. He was sentenced to 15 days in jail at ordinary labor on the first charge and five days on the second charge. On appeal it appears that both charges grew out of the same transaction. The same transaction may constitute two separate offences. 22 Corpus Juris Secundum 20.

The defendant has appealed upon the ground:

"That such conviction was unreasonable and could not be supported having regard to the evidence and in particular (a) That there was not sufficient corroboration of the evidence of Prosecutor's witness. (b) That the Appellant did not at the time of the trial find a principal witness in his favor; that after the trial the Appellant discovered his witness."

■ The law does not require corroboration of the testimony of a witness called by the prosecution in a traffic case. However, there was corroboration in this case. The record shows that the first witness to identify the appellant as the driver of the speeding car in this case was Alexander Young. A second witness Kitiona also identified appellant Tigi as the driver of the car. There was corroboration, although to sustain a conviction it was not necessary.

■ The appellant claims that this Court should grant him a new trial because of the absence of a witness who was riding in the car with him. However, he did not apply to the trial court for a continuance to enable him to procure the witness, who he must have known at the time of the trial was a witness. Nor did he give any valid excuse for not applying for a continuance other than he thought his own testimony to the effect that it was his uncle who was driving the car instead of himself would overcome the

combined testimony of the witnesses Alexander Young and Kitiona, who had identified him as the driver. That was no valid excuse for not applying for a continuance.

■ The law governing this matter is that:

"It would further seem to be the rule that a new trial will not be granted because of the absence of a witness unless such absence was made the ground of an application to the trial court for a continuance, or a valid excuse is given for not having made such an application." 39 American Jurisprudence 58.

■ A party and his counsel cannot speculate on winning a favorable verdict despite the absence of a witness, and then when he fails, successfully ask for a new trial unless he calls the matter of the absent witness to the attention of the trial court and asks for a continuance or other proper legal relief. 66 Corpus Juris Secundum 284. That, the defendant and his counsel failed to do in the instant case. It would be improper for us to grant a new trial in this case.

The transcript indicates that for the two offences, viz. speeding and careless driving, the defendant was to serve 20 days in jail and that his driver's license was to be suspended for 10 days. It also indicates that for the first offence he was to serve 15 days and for the second five days. However, the defendant Tigi had been previously convicted of speeding. The transcript shows that the Court in pronouncing sentence said that "Because of your previous conviction for maximum speed, your jail sentences are to run concurrently." This last statement would indicate that the jail sentence was to be 15 days as a practical matter instead of 20 days. However, the sentence indorsed on the ticket for speeding is two weeks in jail at ordinary labor with driver's license suspended for 10 days, while the sentence indorsed on the careless driving ticket is five days in jail at ordinary labor with a 10-day suspension of defendant's driver's license.

Under the authority granted us by Section 3.0503 of the A. S. Code, we set the sentence for speeding at 14 days in jail at ordinary labor. The sentence for careless driving will remain at five days in jail at ordinary labor. The sentences will run concurrently. Appellant's driver's license will be suspended for 10 days. The judgments are affirmed subject to the foregoing modification.